**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Donna Zekucia, )<br>               Plaintiff, )<br>   vs. )<br>                )<br>Ounce of Prevention Fund, )<br>               Defendant. )<br>                ) | 19-cv- |

**COMPLAINT FOR VIOLATIONS OF THE
THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C §2601 *et seq.*,
THE AMERICANS WITH DISABILTIES ACT, 42 U.S.C. §12101, *et seq.*,
THE EMPLOYEE RETIRMENT INCOME SECURITY ACT, 29 U.S.C. §1001 *et seq.*,
AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §621, *et seq.*

Plaintiff, Donna Zekucia, by and through her attorney Bernard G. Peter of Maduff & Maduff, LLC, for her complaint against Defendant, alleges and states as follows:

**INTRODUCTION**

1. Plaintiff is 66 years old. Plaintiff worked for Defendant for 10 years, most recently as an Accounts Payable Manager. At the age of 30, Plaintiff was diagnosed with Fibromyalgia. In 2013, she suffered from bouts of anxiety and depression and was placed on suicide watch. She received therapy and treatment for her conditions. In August of 2017, because of increased flare-ups of her Fibromyalgia, her physician asked that she be permitted to work from home as much as possible due in part because of the effect traveling to and from work was having on her conditions. Defendant provided the accommodation. Plaintiff's evaluations thereafter indicated that she "exceeded expectations."

2. In June of 2018, Plaintiff was assigned a new supervisor who terminated the accommodation – requiring Plaintiff to come into the office every day. However, she permitted another account manager who was not disabled and who was under 40 to work from home. Plaintiff complained to no avail. As a result, in August of 2018, Plaintiff took

FMLA leave. Upon her return, her manager retaliated by creating a hostile work environment and eventually terminating her on or about January 25, 2019.

3. Defendant maintained a Severance Pay Plan ('Plan") covered by the Employee Retirement Income Security Act of 1974, as amended (ERISA). Plaintiff sought payment of her severance under the Plan and was denied. Plaintiff sought to exhaust her pre-suit remedies under ERISA and Defendant failed or refused to respond.

4. Plaintiff now files this suit seeking relief under the Family and Medical Leave Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Employee Retirement Income Security Act of 1974, as amended.

## PARTIES

5. Plaintiff, Donna Zekucia (hereinafter "Plaintiff" or "Zekucia"), is a citizen of the state of Iowa. At all times relevant to this Complaint, Zekucia was an "employee" of Defendant within the definitions of the Family and Medical Leave Act, 29 U.S.C §2611(2), of the Americans with Disabilities Act, 42 U.S.C. §12112(4), the Age Discrimination in Employment Act, 29 U.S.C. §630(f), and Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1003(6).

6. Defendant Ounce of Prevention Fund(hereinafter "Defendant" or "OPF"), is on information and belief, a 501(c) (3) organization licensed and doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant is and was at all times relevant to this Complaint an "employer" within the definitions of Family and Medical Leave Act, 29 U.S.C. §2611(4), the Americans with Disabilities Act, 42 U.S.C. §12111(5), and the Age Discrimination in Employment Act, 29

U.S.C. §630(b) and the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1003(5).

## JURISDICTION

7. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2019-2242 for discrimination based upon disability and age as well as retaliation for her complaints.

8. The EEOC issued a notice of right to sue on Charge No. 440-2019-2242 on or about September 11, 2019.

9. The disability and age discrimination claims in this complaint are timely filed within 90 days of receipt of that notice.

10. This Court has jurisdiction over the federal claims in this complaint pursuant to §1331 of the Federal Judicial Code, 28 U.S.C. §1331.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, on information and belief, Defendant resides in this District and the facts giving rise to this cause of action occurred in this District.

## EVENTS

Background and Disabilities

12. Plaintiff is 66 years old.

13. At the age of 30, Plaintiff was diagnosed with Fibromyalgia.

14. Plaintiff worked for Defendant for 10 years, most recently as an Accounts Payable Manager.

15. In or around 2013, Plaintiff suffered from bouts of anxiety and depression partially related to her Fibromyalgia.

16. Plaintiff was already under treatment for her Fibromyalgia.

17. Plaintiff began additional treatment for depression and anxiety.

18. Plaintiff was placed on suicide watch.

Plaintiff's Accommodation

19. In August of 2017, Plaintiff began to suffer a significant increase in flare-ups of her Fibromyalgia.

20. Her physician determined that the commute to the office was contributing to these flareups.

21. Her physician asked that she be permitted to work from home as much as possible.

22. Defendant responded by providing the requested accommodation.

23. During this time, Plaintiff's evaluations rated her as "exceeds expectations."

Plaintiff Receives a New Supervisor

24. In June of 2018, Plaintiff was assigned a new supervisor.

25. The new supervisor prohibited Plaintiff from working from home.

26. However, this supervisor permitted another account manager who was not disabled and who was under 40 to work from home.

27. Plaintiff complained of the withdrawal of her accommodation to no avail.

28. Plaintiff attempted to comply by coming into work on a regular basis.

Plaintiff's FMLA Leave

29. Unfortunately, her efforts to comply resulted in new Fibromyalgia flare-ups and further bouts of depression and anxiety.

30. As a result, in or around August of 2018, Plaintiff sought and was approved for FMLA leave.

31. Plaintiff returned from FMLA leave to face retaliation from her supervisor including a hostile working environment and termination of her employment on or about January 25, 2019.

Plaintiff's ERISA Rights

32. Defendant operates a Severance Pay Plan ("Plan") covered by the Employee Retirement Income Security Act (ERISA), which is attached here to as Exhibit A.

33. Defendant failed to pay Plaintiff severance as required by the Plan.

34. On or about February 14, 2019, Plaintiff served Defendant with a letter seeking the benefits she was entitled to under the Plan. See Exhibit B.

35. Defendant failed or refused to respond to Plaintiff's letter within the ninety (90) day period set forth under 29 CFR §2560.503-1 (f).

36. As a result of the failure of Defendant to respond to the claim of Plaintiff within the time set forth under §2560.503-1 (f) Plaintiff is not required to exhaust its administrative remedies under ERISA.

37. To date, Defendant has not paid the severance required by its Severance Pay Plan.

**COUNT I**

**DEMAND FOR RELIEF FOR VIOLATIONS OF
THE FAMILY AND MEDICAL LEAVE ACT
29 U.S.C. § 2601 *et seq.*,**

38. Plaintiff restates and realleges paragraphs 1 through 37 of this Complaint as paragraph 38 of this Count I.

39. By virtue of the foregoing, Defendant violated the FMLA by interfering with, restraining, and/or otherwise discriminating against Plaintiff because she exercised her rights under the FMLA.

40. As a result of these violations, Plaintiff has lost wages, salary, employment and suffered other damages.

41. Defendant engaged in willful disregard of Plaintiff's rights under the FMLA and had no reasonable grounds for believing that their actions were consistent with the FMLA. Defendant's violations were not in good faith, thereby warranting liquidated damages and interest.

WHEREFORE, Plaintiff, Donna Zekucia, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay, for an equal amount in liquidated damages,

attorney's fees, expenses, and costs of this action; and such other and further relief as this Court deems just and/or equitable.

## COUNT II

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101 *et seq.*,

42. Plaintiff restates and realleges paragraphs 1 through 37 of this Complaint as paragraph 42 of this Count II.

43. Plaintiff suffered from Fibromyalgia which substantially impaired her ability to walk and to sit.

44. Defendant was able to accommodate Plaintiff's disability by permitting her to work from home.

45. Defendant terminated the accommodation without reason.

46. By virtue of the foregoing, Defendant violated Plaintiff's rights under the Americans with Disabilities Act by failing to provide a reasonable accommodation.

47. As a result, Plaintiff was forced to take unpaid leave under the Family and Medical Leave Act.

48. Upon her return from leave, Defendant retaliated against Plaintiff by creating a hostile working environment and by terminating her employment.

49. By virtue of the foregoing, Defendant violated the ADA by retaliating against Plaintiff for exercising her rights under the Americans with Disabilities Act.

50. As a result of these violations, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature.

51. Defendant's violations were willful warranting the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants for lost wages, salary, employment benefits, and other compensation, as well as interest on these lost pecuniary amounts in the form of back and front pay, for compensatory and punitive damages, for attorney's fees and costs of this action, and for such other relief as this Court deems just and/or equitable.

**COUNT III**

**DEMAND FOR RELIEF FOR VIOLATIONS OF
THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §621 *et seq.***

52. Plaintiff restates and realleges paragraphs 1 through 37 of this Complaint as paragraph 52 of this Count III.

53. Plaintiff is 66 years of age.

54. Plaintiff was treated disparately to an individual under the age of 40.

55. By virtue of the foregoing, Defendant discriminated against Plaintiff on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq*.

56. As a result of those violations, Plaintiff suffered damages of a pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for lost compensation, liquidated damages, and for attorney's fees and costs of this action, and for such other relief as this Court deems just and/or equitable.

## COUNT IV

### DEMAND FOR RELIEF FOR VIOLATIONS OF
### THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

57. Plaintiff restates and realleges paragraphs 1 through 37 of this Complaint as paragraph 57 of this Count IV.

58. Defendant maintains a Severance Pay Plan ("Plan") covered by the Employee Retirement Income Security Act of 1974, as amended (ERISA).

59. Defendant failed to pay Plaintiff severance as required by the Plan.

60. On or about February 14, 2019, Plaintiff served Defendant with a letter seeking the benefits Plaintiff was entitled to under the Plan. See Exhibit B.

61. Defendant failed or refused to respond to Plaintiff's letter within the ninety (90) day period set forth under 29 CFR §2560.503-1 (f).

62. As a result of the failure of Defendant to respond to the claim of Plaintiff within the time set forth under §2560.503-1 (f) Plaintiff is not required to exhaust its administrative remedies under ERISA.

63. To date, Defendant has not paid the severance required by the Plan.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for the benefits due Plaintiff under the Plan, for

attorney's fees allowed by section 502 (g)(1) of ERISA and for such other relief as this Court deems just and/or equitable.

**PLANTIFF REQUESTS JURY TRIAL.**

Respectfully Submitted,

By:/s/ Bernard G. Peter

Bernard G. Peter
Attorney No. 2181215
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Chicago, Illinois 60601
Phone: 312-276-9000